### ELLIOTT ET ALS. *vs.* LABARRE ET ALS.

#### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

It is not the augmentation made to the worth, at any portion of time the land was in possession of the person evicted, but the additional value at the time of the judgment of eviction, above that at the time of the loss of possession, which the owner must pay for.

The claim of the party evicted, against his vendor, is the value of the property at the time of eviction, and the sums he has been compelled to pay for fruits and costs.

If the sum paid for the land by the party evicted, has extinguished a debt of the owner of the land, the latter must allow it, but without interest, as the party was compensated in this respect by the fruits.

This was a petitory action, in which the plaintiffs recovered the premises. (See *2d Louisiana Reports, page* 326.) But the cause was remanded, to ascertain the value of the rents and profits. From a decision, on these matters, the defendants appealed, and the points, upon which he relied for a reversal of the judgment, are fully stated in the opinion of the court, delivered by *Porter, J.*

This case has been already before the court, and judgment was rendered in favor of the plaintiffs. The cause was remanded for an inquiry into the rents and profits, and the value of the improvements.

It now returns here, on an appeal, taken by the vendor of the defendant, from the judgment rendered on these matters.

The court below considered the property had been enhanced in value one thousand dollars, by the useful improvements, and deducting from that sum four hundred and seventy dollars for the rents, directed the plaintiffs to pay to the defendant five hundred and thirty dollars, before they entered into possession.

It further decreed, that the defendant should recover from her vendor, Longpré, called in warranty, the value of the property of which she was evicted, and the rents and profits she was compelled to pay to the plaintiff. These two sums the court fixed at six thousand four hundred and seventy dollars; namely, six thousand dollars for the value of the property, and four hundred and seventy dollars, the amount of the rents.

The appellant complains of this judgment, on several grounds:

1. That the court did not allow a sufficient sum for the improvements placed on the property.

2. That the judgment condemns the warrantor to pay the whole value of the property to his vendee, though she receives a part of that value from the plaintiff.

3. That a part of the original purchase money was applied to the payment of the debts of the ancestors of the plaintiffs, and that this sum should be paid by them, before they can take possession of the premises.

I. On the first point, we do not perceive in the record, evidence which authorises us to say the judge erred in the estimate he made of the increased value of the premises. The proof is contradictory, and the judge, it is true, has taken the lowest estimation, and even deducted something from it. If the case depended alone on the testimony taken to prove the value of the improvements, it would perhaps be difficult to reconcile the judgment with that testimony. But on recurring to the evidence of the witnesses, who testified to the value of the ameliorations made by the possessors, we find their estimate to be based solely on the value of the work done, and the addition made to the property, by these improvements, in the state it was when they were placed on it. The

plaintiffs can justly object to this mode of ascertaining the increased value of the premises. It is not the augmentation made to their worth, at any portion of the time they are in the possession of the person evicted, but the additional value given to them, above that which they had at the time the owner lost possession, that he is to pay for. Viewed in this way, we learn from other parts of the testimony, that the house, now existing on the lot, was nearly new at the time the defendant, and those she claims under, acquired it. We, therefore, think the judge below did not err in fixing the increased value at one thousand dollars.

II. The second point made by the appellant, involves two questions: one of law—the other of fact. As to the law: The owner who recovers his property from a *bona fide* possessor, has to pay him the value of the improvements he has put on it; to be estimated by their cost, or the increased value they confer on the premises. And the party evicted has a right to recover over, against his vendor, the loss he has sustained by the eviction. This loss is ascertained by the value of the property at the time he is deprived of it, and he is entitled to receive this amount, and nothing more, unless he may have been decreed to pay fruits or revenues, and made responsible for costs. If, therefore, in the estimation of the thing of which he is evicted, the increased value, given by the improvements, is included, and the person, who evicts him, is decreed to pay to him that increased value, it is clear he must deduct it from the whole value given to the premises, otherwise he would be paid twice; once, by the party evicting him, and a second time, by his warrantor. The seller's obligation is fulfilled by reimbursing, *or causing to be reimbursed* to the buyer, by the person who evicts him, all useful improvements made on the premises. See *Louisiana Code, article* 2485. *Pothier, Contrat De Propriété, no.* 120.

The judge estimated the lot, with its improvements, at seven thousand dollars, fixing the former at six thousand, and the latter at one thousand; from this he deducted four hundred and seventy dollars, for rent, and decreed that the plaintiffs should pay to the defendant five hundred and thirty dollars

It is not the augmentation made to the worth at any portion of time, the land was in possession of the person evicted, but the additional value at the time of the judgment of eviction above that at the time of the loss of possession which the owner must pay for.

The claim of the party evicted, against his vendor, is the value of the property at the time of eviction, and the sums he has been compelled to pay for fruits and costs.

EASTERN DIST.
*April*, 1832.
————————
ELLIOTT ET AL.
*vs.*
LABARRE ET AL.
before they entered into possession. So that the loss, sustained by the defendant, (supposing the judge's estimate of value to be correct) was seven thousand dollars, less five hundred and thirty dollars, to be paid to him by the plaintiffs. Leaving six thousand four hundred and seventy dollars to be reimbursed by the warrantor, and for which sum, judgment was given against him.

The court below, therefore, committed no error in the application it made of the principles of law to the facts of the case. The argument addressed to the court, on this head, has arisen from a misconception of the facts, assumed in the judgment appealed from.

The correctness of the judge's conclusion, on the evidence given of the value of the property, must, therefore, be inquired into. He has determined it to be seven thousand dollars, including improvements. The testimony is contradictory. When it is so, it is the well known rule of this court not to interfere, unless the decision of that below be manifestly against the weight of evidence. The judge appears to have attached most credit to the declarations of those witnesses, who affixed the highest value to the premises. Taking into view the fact, established on record, that they were persons in the habit of buying and selling real estate, it is to be presumed they were better acquainted, than the other witnesses with the effect the late rise in the price of property would have on the lot in question, and we cannot say the judge erred in giving a preference to their opinion. But giving to the testimony its full effect, we have been unable to discover any thing in it, which authorises the judgment of the court below. The three witnesses, who give the highest value to the lot and improvements, estimate them at six thousand eight hundred dollars, after deducting the ground rent. The judge below fixes the sum at seven thousand dollars. For this difference, we think the judgment should be corrected.

*If the sum paid for the land by the party evicted has extinguished a debt of the owner of the land, the latter must allow it, but without interest, as the party was compensated in this respect by the fruits.*

We also think the judgment below erroneous in another respect. A portion of the price, paid by the original vendee of the land, it is satisfactorily established, was applied to the discharge of a mortgage debt due by the ancestor of the

plaintiffs. That sum they must reimburse. It is proved to be four hundred and fifty dollars.

Interest is also claimed on this sum, from the time it was paid, but we do not think the law sanctions such a demand. The property in the case produced rents and profits, and it would be unjust the possessors should enjoy them, and at the same time receive interest on the money they paid. The one fairly compensates the other; but from the time they are compelled to restore these profits, that is, from the commencement of the suit, we think the plaintiff should allow them interest on their money. This was the rule established in the case of *Daquin et als. vs. Coiron et als.* See 8th *N. S.* 626.

A minor question was raised at the close of argument, in relation to the ground rent. The warrantor contending, that deduction should be made for the sum paid by the defendant, on that account, since the institution of this suit. The judge has estimated the rent at thirty-two dollars per month, and the testimony authorises this value. But we cannot gather from the evidence, whether the use of the premises is worth the sum, which the defendant is decreed to pay, exclusive of the ground rent. There is some presumption, that it is, but that presumption is not sufficiently strong, to authorise us to reverse the judgment of the inferior court.

The plaintiffs therefore, must pay to the defendant before taking possession of the premises, five hundred and thirty dollars, which is the increased value of the property, deducting four hundred and seventy dollars for rent. They must also pay the sum of four hundred and fifty dollars, with interest, since the commencement of the suit up to the rendition in the court below, at the rate of five per cent., which makes five hundred and six dollars and twenty-five cents. This, added to five hundred and thirty dollars, makes the total amount one thousand and thirty-six dollars and twenty-five cents.

This sum deducted from sixty-eight hundred dollars, the value of the lot and improvements, leaves the sum of fifty-seven hundred and sixty-three dollars and seventy-five cents, which the defendant has lost by the eviction, and for which,

Eastern Dist.
April, 1832.

she must have judgment against her warrantor, the appellant, and he in turn, must receive the same amount from his vendor, Declouet.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and proceeding to give such judgment here as, in our opinion, ought to have been given below, it is decreed and ordered, that the plaintiffs, previous to their entering into possession of the premises, do pay to the defendant, the sum of one thousand and thirty-six dollars and twenty-five cents, and that the said defendant, do pay the costs of the court of the first instance, those of the appeal to be paid by the appellees.

And it is further ordered, that the defendant, do recover of her vendor, J. Longpré, cited in warranty, the sum of five thousand seven hundred and sixty-three dollars and seventy-five cents, together with the costs, which she is decreed to pay in this suit, and that the said Longpré, do in turn receive from his vendor, Brognier Declouet, cited in warranty, the said sum of five thousand seven hundred and sixty-three dollars and seventy-five cents, with the costs by him, the said Longpré, paid to the defendant.