## WILLIAM PUMPHREY *v.* PELLETIER DELAHOUSSAYE, Sheriff, and another.

One bound as surety on the twelve months' bond upon which a *fieri facias* was issued, is not disqualified from becoming surety in an injunction bond to arrest its execution.

A sheriff is authorized to perform the duties of his office, until his successor is duly qualified, though the term for which he was appointed has expired. So, in case of reappointment, he may continue to act under his first appointment, until duly qualified under a second.

Under a *fieri facias*, issued on a twelve months' bond, the sheriff may seize at once, but the defendant has a right to point out other property, not specially mortgaged in the bond, within three days, or until the property seized has been advertised; but not afterwards.

Notices of a sheriff's sale were affixed "at the court house door, and at two other conspicuous places in the same village, in a parish of sixty or seventy miles in length, in which it was shown that there is another village, nearly as large, about eighteen miles below, and a post office about the same distance above:" *Held,* that this was not a compliance of the act of 6th April, 1843, chap. 135; that the Legislature did not intend to confine the notice to a single village in an extensive parish, but to give general publicity to sheriff's sales, without incurring the expense of publication in a newspaper.

APPEAL from the District Court of St. Mary, *King,* J.

BULLARD, J. The plaintiff, Pumphrey, having given a twelve months' bond, with Dancy as his surety, execution issued upon it at its maturity, which was levied on a tract of land and some sugar and molasses, by Delahoussaye, acting as the sheriff of the parish of St. Mary. Pumphrey obtained an injunction to stay proceedings, and gave Dancy as surety on the injunction bond.

The grounds for the injunction, as set forth in his petition,

were: *First*, That Delahoussaye had no authority to act as sheriff; *Second*, That he did not demand property to be advertised and sold to satisfy said writ, but obeyed the instructions of Richardson, the plaintiff in the case, refusing to take any other property, although he, plaintiff, had a large amount of other personal property; *Third*, That the sheriff has not advertised the property seized for sale according to the true intent and meaning of the act of the 6th of April, 1843, which requires such publications to be affixed at the court house door and two other public places in the parish, whereas this sale has been advertised only in the town of Franklin.

A motion was made to dissolve the injunction, on the ground that there is, in truth, no surety on the injunction bond, the same being signed as surety by Dancy, who is surety on the twelve months' bond, and bound *in solido* for the same debt; and is not, therefore, a competent surety on this bond.

We are of opinion, that the injunction bond gives rise to a new and entirely distinct obligation from that created by the twelve months' bond; and if the surety on the latter have the other qualifications to become a judicial surety, he is not disqualified by having signed the twelve months' bond upon which the *fieri facias* issued. The reasoning in the case of *Greiner* v. *Prendergast*, 2 Rob. 235, applies with equal force to the present.

Upon the merits: *First*, It is shown that the sheriff was acting under a commission, which had expired by its own limitation; that he had been reappointed, but that his commission had not been forwarded until after a long delay, and that he had not qualified under the new appointment. The law authorizes the incumbent to act until his successor shall be duly qualified. B. & C's Dig., 781. The second ground appears to us unsupported by the evidence. It is the duty of the sheriff to seize at once, but the defendant has the right to point out other property, not specially mortgaged in the bond, within three days, or until the property seized has been advertised for sale. The sheriff's return shows that the seizure was made on the 6th of December. It is clearly shown that the advertisements were posted up on the 11th of the same month. On the 23d, the defendant of-

fered other property in lieu of the sugar. The evidence in the record that no advertisements were up on that day, is not inconsistent with the statement that they had been put up on the 11th. The offer came too late.

But on the third ground we agree with the plaintiff's counsel, that the posting up of the notices in two conspicuous places in the village of Franklin, besides the court house door, is not a compliance with the statute of 1843. It is shown that the parish is from sixty to seventy miles in length; that there is another village, nearly as large as Franklin, about eighteen miles below, and a post office about the same distance above. When the practice of advertising in country newspapers, which are supposed to circulate through the parish where they are published, was changed for the one now required by law, viz: a posting on the court house door, and two other public places in the parish, it was not, in our opinion, the intention of the Legislature to confine the notice to a single village in an extensive parish. Persons living remote from the court house, who receive their letters and papers at different post offices, and transact their business in other villages, might never be informed of seizures made by the sheriff. And this case is a proof how easily public notices may be pulled down, if confined to a small space within the limits of a town or village. The intention of the Legislature was to give extensive publicity to sheriff's sales, without going to the expense of publication in a newspaper.

We, therefore, conclude, that the court erred in dissolving the injunction.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, that the injunction be reinstated and made perpetual, and that the appellee pay the costs of this appeal and of the court below.

*Dwight* and *Gibbon*, for the appellant.

*Magill* and *Maskell*, for the defendants.