## McGary *v.* Dunn.

An act of sale, made by a sheriff for certain pews sold under an execution against a church corporation, which describes the property as "the unsold pews of said Roman Catholic Church of St. P——, say ninety more or less,"  can convey no title to the purchaser, on account of the vagueness and insufficiency of the description of the objects sold.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.
Carter, for the plaintiff. *Frazer*, for the appellant, contended that the sale was void, for uncertainty and insufficiency in the description of the property sold, citing Code Prac. arts. 679, 702. *McDonogh* v. *Gravier*, 9 La. 531. *Williams* v. *Kelso*, 7 La. 409. 1 La. 44, 491. 4 Peters, 362. *Byrne*, for the warrantors.

The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff sues the defendant for the recovery of a pew, numbered fourteen, on the right, aisle, in the Roman Catholic Church of St. Patrick, or its value, estimated at $1000, and for rent, &c. The defendant is in possession of the pew, which he claims to hold by virtue of his original subscription, before the church was erected. The plaintiff claims under a sale from *James McIntyre*, who, under an execution against the corporation of this church, at a sheriff's sale, purchased "the unsold pews of said Roman Catholic Church of St. Patrick, say ninety, more or less." Can the plaintiff disturb the pessession of the defendant, under a title like this? The subdivision of the church into pews is necessary for purposes of public worship, and is recognized in the acts under which the corporation exists; and, under the principles established by the decision in the case of *McDonogh* v. *Gravier's Curator*, 9 La. 542, we cannot recognize the sheriff's deed as conveying any right of property to the purchaser, by reason of the insufficiency, vagueness, and want of precision, in the description of the objects to be sold. To give effect to an act so uncertain as this, and to recognize it as divesting a debtor of his property, for the benefit of, and at the judicial instance of a creditor, would be to make the law itself a source of confusion and strife, for no other consequence can follow from its operation.

The defendant, on the trial, offered no evidence in support of his title, although there was sufficient proof within his possession to enable him to obtain a judgment against the corporation of St. Patrick's Church, for the price of the

McGary<br>
v.<br>
Dunn.

pew, to wit, $1000, which the court below decreed in his favor, under the warranty of the vendor. From this judgment the church has not appealed. We have only to reverse the judgment in favor of the plaintiff, and give the defendant the benefit of his possession.

It is therefore decreed that the judgment of the parish court be reversed, and that judgment be entered for the defendant, with costs in both courts.