## DWIGHT *v.* CURTIS.

A sheriff by whom services had been rendered, before the stat. of 10 March, 1845, relative to fees, in writing notices of the sale of property seized under execution, in posting them, and in applying to the parish judge for mortgage certificates, is entitled to a reasonable compensation therefor, to be fixed by the rate allowed for similar services in other cases. The fact that no allowance is made for those services by the stat. of 28 March, 1813, is no proof that the legislature intended that they should be gratuitous, the statute requiring them to be rendered having been enacted since the statute of 1813. No charge can be made for services which were required to be performed before the stat. of 1813, and for which no allowance was made by it, as for notices of seizure, copies thereof, and mileage for serving them. Ss. 3, 17 of act of 1813. The first sec. of the stat. of 7 March, 1814, allowing mileage for the service of process, does not authorize any charge for mileage in serving notices of seizure. The service of a notice of seizure is not the service of process within the meaning of that statute.

APPEAL from the District Court of St. Mary, *Boyce*, J. *Dwight*, plain- tiff, *pro se.* *Splane*, for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff, suing for himself and for the use of the parish of St. Mary, claims $600 from the defendant, alleging that the latter, while acting as sheriff of that parish, charged and received other and higher fees than those allowed by law, under certain writs of execution, in virtue of which property of the present plaintiff was seized. The defendant pleads a general denial, avers that the allegations of plaintiff's petition are false and malicious, and claims damages in reconvention. There was a verdict in favor of the plaintiff for $50, and from the judgment rendered thereon both parties have appealed.

The services of the defendant were rendered prior to the adoption of the fee bill of 1845, and the rights of the parties are to be tested by the laws in force previous to that date. The plaintiff relies on the 3d and 17th sections of the act of 1813, establishing an explicit fee bill. Bul. & Cur. Dig. p. 440, 444. The 3d section of that act declares that the sheriff shall be entitled to demand and receive the fees therein enumerated and no more; and the 17th section provides that, any clerk, sheriff, coroner or other officer, who shall presume to charge, demand, or receive, any greater, higher, or other fees than are specially mentioned and defined in the act, shall be liable to pay for every offence a sum not to exceed fifty dollars, nor less than twenty-five dollars, to be recovered before any competent authority, one half to the use of the person suing and the other half to the use of the parish. The charges made by the defendant, of which the plaintiff complains, are those for notices of seizure, copies of those notices, and mileage for serving them; for notices of sale, and mileage in posting them, and applications to the parish judge for certificates of mortgage. It is contended that as none of these services are enumerated in the statute establishing the fee bill, the sheriff is entitled to no compensation for rendering them, and has, by charging and receiving fees, incurred the penalties of the act.

With regard to the notices of sale, mileage for posting them, and the applications to the parish judge for certificates of mortgage, these services have been required by a law passed since the adoption of the fee bill; and although the statute requiring them to be performed has fixed no compensation for the officer, it is not to be presumed that the legislature intended that they should be rendered gratuitously. In such cases the officer is entitled to reasonable compensation, and when the rates of similar services are fixed in other cases, those rates should be the standard of his charges.

The statute of 1843 requires that the sheriff shall post up public notices of sales to be made by him under execution, at three public places. Under this law it has been held that, in the parish of St. Mary, two of these notices must be posted up out of the town in which the seat of justice is situated. *Pumphrey* v. *Delahoussaye*, 9 Rob. 42. In performing that duty travel becomes necessary to distant parts of the parish, and for that service, as well as for writing the notices, the sheriff is entitled, upon every principle of equity, to remuneration, and, in the present instance, the charge made for mileage is the same which the law allows that officer for serving process of the court. The fees for writing the notices have not been shown to be unreasonable.

The charges, however, for notices of seizure and for mileage in serving them, cannot be made to rest upon the same ground. Those duties were required to

SUPREME COURT OF LOUISIANA,

DWIGHT
v.
CURTIS.

be performed before the adoption of the fee bill of 1813. That act makes no provision for the compensation of the sheriff for those services, but expressly forbids him from making any other or higher charges than those specified in the act. The act of 1814, on which the defendant relies to support his claim for mileage for notices of seizure, does not, in our opinion, authorize that charge. It provides for mileage in serving the process of the court; but the notice of a seizure made, cannot be considered process, in the legal acceptation of the term. The defendant has violated the law in each of the bills collected from the plaintiff. The jury do not appear to us to have awarded to the plaintiff the full amount warranted by the evidence. In each of the three bills the charge occurs, for notices of seizure, copies, and mileage for serving them; and the fees illegally received by the defendant amount to $14,24. In this respect the judgment must be corrected.

It is therefore ordered that the judgment of the District Court be amended, and that the plaintiff recover of the defendant eighty-nine dollars and twenty-four cents, instead of the sum of fifty dollars, the defendant paying the costs of both courts.