JONATHAN DAVIS, SEN., *v.* CARROLL, PRITCHARD & Co. et al.

Usufructs are not exempt from seizure, except in the single case of the usufruct, given during the marriage to the father and mother, to the estate of a minor child. C. C. 239. In all other cases it is subject to seizure and sale. C. C. 525, 547.

The seizure of *all the right, title and interest* of the debtor in and to the thing seized, is a sufficient seizure of the thing itself.

If the donor reserves to himself the usufruct of the property donated, the donation is considered void, and if the vendor retain the possession of the thing sold, the sale is presumed to be simulated. With these presumptions in his favor, the judgment creditor of the donor may seize the property donated, without having obtained a judgment annulling the donation. C. C. 1520, 2456, 1915.

C. P. 649, 654, 655.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Durant & Hornor*, for plaintiff. *McCay & Edwards*, for defendants and appellants.

MERRICK, C. J. On the 13th of March, 1854, the plaintiff subscribed his note in favor of the defendants, *Carroll, Pritchard & Co.*, payable on the 18th day of March, 1855, for $1536 80. On the 23d day of June of the same year (1854) the plaintiff and his wife made a donation of the house and lot in controversy to their daughter, *Mrs. L. Leeds*, wife of *John Leeds*, the lot and improvements being estimated at $10,000.

The donors reserved to themselves, during each of their natural lives, the usufruct of the property, with all the rents, profits, advantages, rights, ways and privileges thereunto belonging. The donee, in the same act, was prohibited from *selling*, affecting, mortgaging, donating, leasing or encumbering said lot of ground without the previous written consent of the donors. The right of return was also stipulated in the event of the death of *Mrs. Leeds*, without issue, before the donors.

The plaintiff's note being unpaid at its maturity, the defendants, *Carroll, Pritchard & Co.*, obtained judgment, and issued execution against the plaintiff in injunction, the defendant in that action. The Sheriff seized "all the defendant's right, title and interest in and to a certain lot of ground situate in the First District of New Orleans, in the square bounded by Julia, Carondelet, St. Joseph and St. Charles streets. Said lot measuring, more or less, twenty-seven feet six inches front, on the north side of St. Joseph street, between St. Charles

89

and Carondelet streets, by a depth of about one hundred and forty feet, (more or less,) between parallel lines, bounded on one side by the property now or lately belonging to *Mary A. Davis*, and in the rear by property belonging to the Poydras Female Orphan Asylum; said property being known by the No. 166 St. Joseph street."

The plaintiff enjoined the sale of the property, on the ground that the right to the usufruct of the property is exempt from seizure, and that the seizure of the right, title and interest of said plaintiff in and to said lot is not a sufficient description of what was intended to be sold.

We remark, in reference to the first of these grounds, that were it conceded that a usufruct was validly retained, we are not aware of any law which exempts usufructs from seizure, except in the single case of the usufruct given during the marriage to the father and mother in the estate of a minor child. C. C. 239. In all other cases it is subject to seizure and sale. C. C. 525, 547; Act of 1842, p. 380, § 1.

The other ground of injunction presents, under the somewhat conflicting decisions of this court, more difficulty.

In the case of *Trudeau* v. *Mc Vicar*, 1 Ann. 427, this court uses the following language, viz: "The Sheriff, under his instructions, seized all *the right, title and interest* of the debtor in a lot of ground and buildings thereon, and advertised for sale the *right, title and interest* of the debtor in the property seized. This was a seizure and advertisement of the property itself. All the rights of ownership of the debtor are embraced in the description. The terms *right, title and interest*, used in the advertisement are not such as designate any other rights to be sold than those which the Sheriff is required by law to convey or notify the purchasers that they are to acquire anything short of the property itself. The Sheriff is only directed by law to convey to the purchaser, at a sale under execution all the rights of the former owner to the thing sold. Code of Practice, Arts. 694, 690."

If the case just cited is to be recognized as authority, the seizure made in the present case was sufficient in form. But the cases of *McDonogh* v. *Gravier*, 9 L. R. 542; *Gales* v. *Christy*, 4 An. 295, and *Pickersgill* v. *Brown*, 7 An. 304, are cited as authorities the other way.

In the first of these cases the objection was not so much that the right, title and interest of the party was seized, as that the land, the property in which the interest was claimed, was not sufficiently described. Indeed it does not seem to have been questioned that the seizure of the right, title and interest of a party in a thing was not a sufficient seizure of the thing itself.

In the second case it was held that "the judicial sale of the rights, claims and demands of the heirs of T. B., in right of their inheritance of their deceased father, on their mother and tutrix, was void, by reason of the vagueness and insufficiency of the thing sold," and that "the nature of the rights, interests, claims, demands, should have been stated in such a manner as to give bidders a claim to their value." Here again the objection was not that the rights and interest of the heirs were seized, but that they were not sufficiently described. A contrary doctrine would place beyond seizure the undivided interests of heirs in a succession, or a partner in a partnership, whereas it has often been affirmed by this court that the creditor cannot seize an undivided interest in an individual thing belonging to the succession or partnership, but must seize the undivided interest of the heir or partner in the whole inheritance or partnership.

The case of *Pickersgill* v. *Brown*, 7 An. 304, depends upon its peculiar circumstances. The description of the interest seized was so complicated with the uncertainties in regard to the mortgages, that in the language of the court "It was calculated to raise doubts and conjectures in the minds of bidders without supplying any means at the time of the bidding by which such doubts could be solved or such conjectures confined within any reasonable limits."

This case, therefore, cannot be considered as overruling the case of *Trudeau* v. *McVicar*, 1 An. 427, and the seizure of all the right, title and interest of *Davis* in and to the lot described, must be held to be a sufficient seizure of the lot itself.

But it is contended that the question of the reality of the act of donation can only be tried in a direct action, and not in this summary proceeding; that peradventure on such trial that which appears to us to be void may be shown to be valid.

To this it may be answered, that if the donor reserve to himself the usufruct of the property donated, the donation is considered void, and if the vendor retain the possession of the thing sold, the sale is presumed to be simulated, and with these presumptions in his favor, it would be absurd to compel the judgment creditor to fight declared shadows and combat unreal pretensions. C. C. 1520, 2456, 1915.

If arguments of this kind could be listened to at all by courts of justice, they would be more specious in the mouth of the donee claiming something under the act of donation, than from the donor in possession using his act of donation as a shield to protect himself whilst deriving from the property all the advantages of a real owner. Those who create clouds upon their titles for the purpose of defeating the pursuit of their creditors, have little reason to complain of seizures designed to meet the condition in which they have placed their estates, particularly as the debtor may give up property to satisfy the execution at any time within three days after notice of the seizure, and nothing prevents him from notifying the Sheriff, and giving him a true description of the property to be sold. C. P. 649, 654, 655; 6 N. S. 88; 3 Rob. 152; 9 Rob. 42, *Pumphrey* v. *Delahousaye*.

In the present case we are satisfied that the donation must be treated as null, and that, under the seizure made, the property itself can be sold, and the ownership of *Jonathan Davis*, Sen., divested by such sale.

The judgment of the lower court must be reversed, and the injunction dissolved, with damages; but as the judgment injoined bears the highest rate of conventional interest, no additional interest can be allowed.

As no appeal was taken as it respects the surety on the injunction bond, the judgment cannot be disturbed as to such surety.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the injunction issued in this case be dissolved, and that there be judgment against the demand of the said *Jonathan Davis*, Sen., and in favor of the said defendants; and it is further ordered, that said *Jonathan Davis* pay the said defendants, *Carroll, Pritchard & Co.*, the sum of one hundred and eighty dollars, as damages for the wrongful suing out of the said injunction; and it is further ordered, that said *Jonathan Davis*, Sen., pay the costs of both courts.