No. 1514.—JAMES COULSON v. J. MADISON WELLS, JACOB HABER, called in warranty.

In a judicial sale of real estate, the petition, judgment, notice of judgment, seizure, and notice to appoint an appraiser, together with the Sheriff's deed were shown in a suit to annul the sale. Held—That the title was sufficiently made out without showing the fi. fa. and the Sheriff's return.

Where community property has been sold and the proceeds applied to the payment of community debts for which it was mortgaged, the minors cannot claim restitution in integrum without showing injury from the sale, and paying or tendering the amount which has inured to their benefit.

APPEAL from the Second Judicial District Court, parish of Jefferson. Cazabat, J. N. Commandeur, for plaintiff and appellant, D. C. Labatt and Marr & Fouté for defendants and appellees.

TALIAFERRO, J. The plaintiff brings this suit to annul a sheriff's sale of three lots of ground with buildings and improvements upon

them situated in the town of Carrollton, and which were purchased by the defendant, Wells. He avers that the property so sold was community property of the community between himself and wife, who it seems was not living at the time of the sale which he seeks to set aside. He alleges that the property was sold for less than one-third of its value. He institutes the action in his own right and in right of his minor children, whom he represents as their natural tutor. The defendant, Wells, called in warranty, Jacob Haber, the seizing creditor, and made a general denial of the plaintiff's allegations. He alleges that he has expended in valuable improvements made by him on the property sued for the sum of $3435, for which sum if he be evicted, he claims to be reimbursed by the plaintiff in his own right and as natural tutor to his minor children. That he paid $1240, the price at which the property was adjudicated to him, and in the event of eviction, he claims to be reimbursed that amount by the plaintiff Coulson, the seized debtor, and Jacob Haber, the seizing creditor, and these amounts he pleads in reconvention to the demand made against him.

Haber, called in warranty, put in a general denial. He avers that his judgment against Coulson was founded on a debt owing to him by the community between the plaintiff and his deceased wife—denies that Coulson can either in his own right or as natural tutor of his minor children recover the property sued for without reimbursing the community debts, for which it was sold, and for which the proceeds were applied. He denies the right of the defendant Wells to recourse upon him before first exhausting the property of the judgment debtor.

Judgment was rendered for the defendant and the plaintiff has appealed.

We ascertain from the record that the plaintiff's wife died in March, 1862, that in May following he applied to the proper court to be recognized as natural tutor to his minor children and to have an inventory made.

He was confirmed as natural tutor, and an under tutor was appointed on the fourteenth of May, 1862. No further proceedings regarding the succession were taken until September, 1865, when an inventory was made. During the same month the plaintiff in a petition addressed to the Judge of the Second Judicial District, set forth a large amount of indebtedness of the community that existed between himself and his deceased wife, and prayed for a sale of property to provide means for the payment of the debts. He prayed the convocation of a family meeting to deliberate upon and fix the terms of sale. A meeting of the family was convened and it advised certain specific property to be sold, and presented the terms. We do not find that any further action was taken in the matter.

The warrantor, in May, 1863, brought suit against the plaintiff in this case and obtained judgment against him on the twenty-ninth day of that month. Under this judgment the property the plaintiff is

seeking to recover was sold on the twentieth of August of the following year, 1864.

The only illegality in the sheriff's sale alleged by plaintiff is that the property was sold for less than one third of its value. The evidence seems to be that the property was appraised to one thousand dollars, and that it sold for twelve hundred dollars. The proceedings in the judicial sale appear to have been regularly conducted. The execution and sheriff's return are not shown among the evidence. Schaffer, the then sheriff of the parish of Jefferson, sworn as a witness, testified that the execution was not to be found after diligent search for it in his office. The petition, judgment, notices of judgment, seizure, and notice to appoint an appraiser, together with the sheriff's deed, are all shown. We consider the title to be sufficiently made out. 17 La. 40.

This judicial sale we do not feel authorized to regard as a mere nullity. The original debt for which the judgment was rendered, it is clearly shown, was a community debt, and that the proceeds were applied to the payment of that debt and another community debt bearing mortgage on the property sold. This application therefore inured to the benefit of the minors, and they ought not to claim restitution *in integrum* without showing injury from the sale and repaying or tendering the amount which has inured to their benefit. 3 La. 544; 9 La. 305; 13 An. 213; 8 L. 177; ibidem, page 440.

The case was dismissed in the lower court as of non-suit, and we think the ruling correct.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.