## No. 2401.—John C. Barelli *v.* Emile Gauche.

An action to annul a judicial sale of real property, on the ground of irregularities in the proceedings, can not be maintained against the purchaser, unless the parties claiming its nullity have paid or offered to reimburse the purchaser, the amounts of the mortgages resting on the property which he has paid since the purchase. In such a case it is held—that a tender of the amounts thus paid by the purchaser is an essential prerequisite to the prosecution of a suit to annul.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Fellows & Mills*, for plaintiff and appellee. *J. H. Ilsley* and *Thomas Gilmore*, for defendant and appellant.

Taliaferro, J. This is an action brought by the plaintiff to recover valuable real estate in the city of New Orleans, bounded by Camp, St. Francis, North and Poydras streets, embracing the ground upon which stands the edifice known as the Moresque Building. This property, it appears, was sold under execution in 1865, as belonging to the plaintiff; the execution having issued on a judgment obtained against him for the sum of seventeen thousand five hundred and eighty-three dollars and forty-nine cents, with interest, by Jamison. The plaintiff alleges that the sheriff's sale, purporting to be an adjudication of the property to the defendant, is null and of no effect; that plaintiff was not thereby divested of title, and that the defendant consequently acquired none. The principal grounds alleged as rendering the sheriff's sale null, are: That no seizure of the property was ever made by the sheriff; that the sale was made after the expiration of the *fieri facias*, no duly certified copy thereof having been issued within twenty-four hours after the *fieri facias* was returned; that the amount bid at the sale did not exceed the amount of prior mortgages, and no adjudication could legally take place. The answer is a general denial. The defendant avers that, as purchaser of the property sued for, he has paid in extinguishment of the price and in discharge of debts due at the time of the sale by the plaintiff, and bearing mortgage and privilege on the property, all that was legally exigible, a sum amounting to one hundred and forty thousand dollars, and which equity requires the plaintiff should have tendered to the defendant before the institution of this suit.

Barelli v. Gauche.

This plea in bar of the action must be sustained. No tender of the amount paid by defendant is shown to have been made, and this, we think, was essential to enable the plaintiff to prosecute this suit. 6 N. S. 684; 8 N. S. 162, 175, 210; 3 La. 541; 12 An. 251; 21 An. 425, and authorities there cited. Rev. C. C. 1912.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that this suit be dissmissed at plaintiff's costs.

. On Rehearing.

Howe, J. Upon further consideration we are not inclined to change the judgment heretofore rendered by us in this case. Gormley vs. Palms; 13 An. 213.

It is therefore ordered that the judgment heretofore rendered by us remain undisturbed.