(97 South. 202)

No. 23738.

## MULLING v. JONES et al.

(June 4, 1923.)

*(Syllabus by Editorial Staff.)*

1. Execution ⬅═253(1) — Real purchaser should be made party to rule to set aside adjudication when disclosed.

On rule by judgment debtors against judgment creditor and ostensible purchaser at sheriff's sale to set aside adjudication, the real purchaser, when disclosed, should have been made a party.

2. Judgment ⬅═675(1)—Binding on party who filed brief in Supreme Court asking that judgment be sustained.

On rule by judgment debtors against judgment creditor and purchaser at sheriff's sale to set aside adjudication, where the real purchaser files brief in Supreme Court asking it to sustain judgment below, it is bound by any judgment rendered.

3. Execution ⬅═222(3)—Description of undivided share in property as all the debtor's right, title, and interest therein is insufficient.

Description of property in advertisement of sheriff's sale as all judgment debtors' right, title, and interest in certain real estate, without giving the quantum of their shares therein, was insufficient.

4. Execution ⬅═249—Failure to give statutory notice to appoint appraiser held ground for setting aside adjudication.

That judgment debtors were given only 24 hours' notice to appoint appraiser before sher-

iff's sale, instead of two days' notice required by Rev. St. §§ 64, 3426, was ground for setting aside adjudication.

5. Execution ⬅═245—Judgment debtors not appointing appraiser did not waive their right to longer notice.

Where judgment debtors given only 24 hours' notice to appoint appraiser before sheriff's sale made no appointment, they did not waive their right to two days' notice under Rev. St. §§ 64, 3426.

Rogers, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Ed. Mulling against Clara Jones and others, in which defendants Agnes Maloney and another took a rule on plaintiff and another to set aside adjudication of property sold at sheriff's sale. From a judgment dismissing the rule, the moving defendants appeal. Reversed, and adjudication annulled and set aside.

Paul W. Maloney, of New Orleans, for appellants.

W. O. Hart, of New Orleans, for Civil Sheriff, Parish of Orleans.

Meyer S. Dreifus, of New Orleans, for appellee.

ST. PAUL, J. Plaintiff, having obtained judgment herein against Agnes Maloney and Adele Maloney, seized and advertised for sale "all the right, title and interest" of the aforesaid Maloneys in and to certain real estate.

At the sheriff's sale Meyer S. Dreifus, attorney at law, bid in the aforesaid "right, title, and interest" for account of a client whose name the sheriff did not catch.

Immediately thereafter, before the sheriff had obtained the name of the client, before the purchaser had paid the amount of the adjudication, and whilst Dreifus still appeared on the sheriff's books as sole adjudicatee, the Maloneys took a rule on Mulling and Dreifus to have said adjudication an-

nulled on the ground that the interest seized was not sufficiently described in the advertisement of sale, and that they had not been notified two days in advance of the appraisement to appoint an appraiser.

In answer to the rule Mulling and Dreifus declared that one A. L. Shushan was the real adjudicatee, and that the adjudication was valid in all respects.

From a judgment dismissing the rule, movers have appealed suspensively.

## I.

[1, 2] When Mulling and Dreifus, in answer to the rule, disclosed that Shushan was the real party in interest, the latter should have been made a party before proceeding further; but since Shushan has appeared in this court by his attorney and filed a brief praying this court to "sustain the judgment of the lower court maintaining the adjudication as valid," the judgment herein to be rendered will be quite as binding upon him as upon Mulling and Dreifus. Hence it would serve no good purpose to notice that feature at this time, especially as appellees have asked no amendment of the judgment.

## II.

Had movers waited until the adjudicatee had paid to the sheriff the amount of his bid, and that amount had been paid over to the seizing creditor, it is certain movers could not have attacked the adjudication without first tendering the amount of the bid (Barelli v. Gauche, 24 La. Ann. 324), and it may be that had they permitted the adjudicatee not only to pay the price, but also to go into possession of the property they might be estopped from attacking the sale at all (Parson v. Henry, 43 La. Ann. 308, 8 South. 918, and Barret v. Emerson, 8 La. Ann. 503). But the case before us presents no such issues. Here the application to have the adjudication set aside was made before payment of the price of adjudication, and before the adjudicatee has gone into possession.

[3] We think the description given in the advertisement of the interest offered for sale was insufficient, and apt to be misleading.

In Trudeau v. McVicar, 1 La. Ann. 427, it was held that the seizure and advertisement of "all the right, title, and interest of the debtor in a lot of ground" was a seizure and advertisement of the property itself. There was no reason to decide in that case, and it was not decided, that the advertisement of an undivided share in the property without stating the quantum of that share would be a sufficient description of the debtor's interest in that property to put purchasers on guard. See, also, Davis v. Carroll, 11 La. Ann. 705.

But in Gales v. Christy, 4 La. Ann. 293, 295, it was held that a description reading, "all the rights, claims, demands and interest which the heirs of A. have upon their mother and natural tutrix, on account of their inheritance from A.," was too vague and insufficient, citing McDonough v. Gravier, 9 La. 542, wherein it was held that a description of a tract of land by metes and bounds was insufficient where it had been subdivided into squares. See, also, McGary v. Dunn, 1 La. Ann. 338, where it was held that a description was insufficient which read, "all the unsold pews in the church of St. Patrick."

In Pickersgill v. Broun, 7 La. Ann. 304, it was held that—

"In judicial sales there must be a * * * description of the thing sold. The law will not countenance their being made lotteries, at the bidding, and sources of confusion and strife afterwards."

In Dearmond v. Courtney, 12 La. Ann. 251, it was held that the interest of a coheir in a succession fallen to him may be seized and

sold, but that a description thereof was insufficient which did not give the proportion of the heir's interest in the succession or the number of heirs, by which that proportion could be fixed. And it was held that an advertisement by that description was insufficient.

We therefore conclude that in the case before us the quantum of movers' shares in the real estate should have been given to the end of advising would-be purchasers just what interest they would acquire at the sale; for under the doctrine of Trudeau v. McVicar, 1 La. Ann. 427, and Davis v. Carroll, 11 La. Ann. 705, the seizure of their interest in the property was the seizure of their share in the property, and would have entitled the adjudicatee to that share free from the incumbrances. As the advertisement went, the purchaser would not have known whether the shares of the mover equaled the whole or only a small portion of the property described. The description in the advertisement was in our opinion entirely too vague and insufficient.

### III.

[4, 5] There is an additional reason why this adjudication should be set aside. Under R. S. § 3426, also R. S. § 64, defendants in suit (movers in rule) were entitled to two days' notice to appoint an appraiser before the sale; they were given only 24 hours' notice, and they did not waive their rights, as they made no appointment.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that the adjudication complained of be annulled and set aside, at the cost of said A. L. Shushan and Ed. Mulling in both courts.

ROGERS, J., dissents.