BRUNOT, J.
 

 It is alleged in the petition that plaintiff is the owner, in indivisión, of -a two-sevenths interest in two certain lots or portions of ground situated in the city of New Orleans, which are described therein with particularity, and that defendants are co-owners of these lots. The suit is for a partition of the property and for a personal judgment against Paul W. Maloney for two-sevenths of the rents and revenues of the property from June 12, 1919.
 

 It is alleged that plaintiff acquired an undivided two-sevenths interest in the property by virtue of an adjudication to him, as the last and highest bidder, at the sale thereof, had in execution of a final judgment rendered
 
 *999
 
 in the suit entitled Mulling v. Clara Jones et al., No. 100716 of the docket of the civil district court for the parish of Orleans.
 

 In a supplemental petition, plaintiff alleged that Paul W. Maloney. was collecting the rents and revenues of the property and converting them to his own use, and he prayed for and obtained on order under which a writ of sequestration issued, and the writ was executed.
 

 Paul W. Maloney, one of the defendants, bonded the sequestration. Plaintiff then ruled- Paul W. Maloney into court to show cause why the order directing the release of the sequestration on bond should not be annulled and the sequestration reinstated. The day before this rule was heard, defendants hied an exception of no cause of action, and prayed for the dismissal of plaintiff’s suit. Defendants also filed a motion to dissolve the sequestration. One of the allegations of the motion is as follows:
 

 “The affidavit of the said Shushan is not true, in that he was never nor is he now the owner of the interest in the property which he. claims herein, but that the same is vested in Mrs. Adele M. Hoyle and Mrs. Prank Leland, against whom your movers have claims arising out of the property involved in this partition, and the pretensions of ownership in the said Shushan, if sustained, will deprive your movers of their said claims, and they have a right to set up the same as against the said Shushan; that the intervention of the said Mrs. Adele M. Hoyle and Mrs. Prank M. Leland are of record herein claiming the ownership of the said interests against the said Shushan, and, until these claims are disposed of and the right of ownership finally established in said Shushan, he has no right to the writ of sequestration issued herein; that the said Shushan claim's to have acquired the ownership by virtue of an adjudication in the suit of Ed. Mulling v. Clara Jones, as is described in the said petition, but the said judgment was fraudulently obtained, in that the said Ed. Mulling had no such claim .as was set up therein for his account and knew nothing of the said judgment; that the said Shushan repeatedly avowed his want of interest in the property or in the adjudication, and declared that he did not know that any one had acted for him or had bought the said interest for his’account. * '* * ” 4 .
 

 The day after the foregoing pleadings were filed, defendant Paul W. Maloney filed an exception of no cause of action to the rule issued upon the application of plaintiff, directing Paul W. Maloney to show cause why the order authorizing the dissolution of the sequestration on bond should not be annulled and the sequestration reinstated. Both rules, the one issued on the application of defendants to dissolve the sequestration and the one issued on the application of plaintiff to annul the order authorizing the bonding of the sequestration, were tried together, and the court’s judgment thereon made plaintiff’s rule to reinstate the sequestration absolute, and dismissed defendants’ rule to dissolve the sequestration.
 
 From
 
 this judgment the defendants appealed.
 

 Plaintiff has not appeared in this court by brief or otherwise, but defendants have filed the following motion:
 

 “On motion of Paul W. Maloney and others, defendants and appellants herein, and upon suggesting to this honorable court that this cause involved the
 
 right oí the
 
 district court to recall an order to bond a writ of sequestration which had been issued by the said district court from which this appeal was taken to this honorable court and, further suggesting that the plaintiff and appellee,, herein, Abraham L. Shushan, failed in Ms action to sustain himself as the adjudicatee of the interests of Mrs. Adele M. Hoyle and Mrs. Agnes M. Leland, defendants and appellants, and thus had no interest or ownership in the property sought by Mm to be partitioned, and this by final decree of this honorable court in the matter of Edward
 
 Mailing r.
 
 Clara
 
 Jones et
 
 al., reported in the 153 La. 1091,
 
 [1]
 
 and on further suggesting that this defens'e was made in this case and decided against the plaintiff and appellee', and therefore there is nothing to be adjudicated upon but to reverse the judgment of the lower court and award judgment in favor of mover, taxing the costs of the lower court and the'appeal on plaintiff and appellee; whereupon movers pray this honorable court to thus order and to render judgment in favor, of movers, defendants and appellants herein, reversing the judgment of the lower court and dismissing the writ of sequestration, therein issued, and taxing the costs of the lower court and this court against
 
 *1001
 
 the plaintiff and appellee, reserving to movers all of the rights and actions in damages to -which they might he entitled.”
 

 The adjudication by virtue of which plaintiff claims to háve acquired title to an undivided two-sevenths interest in the property involved in this suit was annulled and set aside by the judgment of this court in the case of Mulling v. Jones et al., 153 La. 1091, 97 So. 202. That judgment is the law of this ease. Plaintiff never acquired title to any part of the property sought to be partitioned; therefore his suit must be dismissed and the sequestration of the property set aside.
 

 Partition proceedings are in rem, and it is rudimentary that no one except a co-owner of the property has a standing in court to enforce a partition of it.
 

 For these reasons the judgment appealed from is avoided and reversed, and it is now decreed that the demands of plaintiff and appellee be rejected and his suit dismissed at his cost in both courts, and that there be reserved to defendants, appellants, such rights and: actions in damages as they may legally assert.
 

 [1]
 

 97 So.
 
 202.