OVERTON. J.
 

 In 1912 two of the defendants herein, Mrs. Adele M. Hoyle and Mrs. Agnes M. Leyland, confessed judgment in solido in favor of plaintiff for $5,314.67, with 5 per cent, per annum interest thereon from January 10,1912, and judgment was rendered against them according to this confession on May 28th of that year. Eive years later, plaintiff caused a writ of fieri facias to issue from the judgment for the purpose of satisfying a balance due thereon. The civil, sheriff of the parish of Orleans seized under the writ all the right, title, and interest of Mrs. Hoyle and Mrs. leyland in two pieces of real property situated in the city of New Orleans, and perfected the seizure by causing a copy of the notice thereof to be recorded in the office of the recorder of mortgages for the parish of Orleans.
 

 While the sheriff was proceeding with the advertisement of the property, in execution of the writ of fieri facias, Mrs. Hoyle and Mrs. Leyland instituted proceedings praying that the judgment from which the writ issued be decreed null and void for certain reasons alleged by them, and that its execution be arrested by a writ of injunction. The trial judge dismissed the application for an injunction, and Mrs. Hoyle and Mrs. Leyland applied to this court, under its supervisory jurisdiction, for relief. This court, after considering the matter, ordered the injunction prayed for to issue. Mulling v. Jones et ah, 142 La. 300, 76 So. 720. The trial court issued the writ, and, on the trial of the case on its merits, rendered judgment on June 4, 1918, in favor of Mulling and against Mrs. Hoyle and Mrs. Leyland dismissing their suit and condemning them to pay Mulling $5,314.67, with legal interest thereon from January 12, 1912, subject to credits aggregating $4,473.96 with legal interest thereon from certain dates named in the judgment. Mrs. Hoyle and Mrs;
 
 *897
 
 Leyland appealed the case to the Court of Appeal for the parish of Orleans. That court affirmed the judgment rendered in the lower court, and this court refused to issue a writ to review the judgment affirming it.
 

 After the termination of the foregoing suit, the sheriff, acting under a copy of the original wxit of fieri facias, which had been made for him by the cleric of court, as provided by article 642 of the Code of Practice, re-advertised the property seized by him for sale to satisfy the writ, and on the day of sale adjudicated it to Meyer S. Dreifus, for account of Abraham S. Shushan, for $1,700. The sheriff later executed a deed conveying the property to the adjudicatee, and caused the inscription of the notice of seizure on-the mortgage records to be canceled, as well as the inscription thereon of the judgment from which the writ of fieri facias had issued.
 

 The day following the adjudication, before the amount of the bid had been paid, Mrs. Hoyle and Mrs. Leyland ruled Mulling and Dreifus to show cause why the adjudication at the sheriff’s sale should not be annulled on the ground,
 
 among
 
 others, that the interest seized was not sufficiently described in the advertisement of sale to constitute a valid sale of the property. The trial court rendered judgment on the rule against Mrs. Hoyle and Mrs. Leyland, but on appeal it was held in this court that the description in the advertisement of sale was insufficient and the adjudication of the property was annulled. Mulling v. Jones et al., 153 La. 1091, 97 So. 202.
 

 Seventeen days after the foregoing decision was rendered, Mrs. Hoyle and Mrs. Leyland sold their interest in the property seized, the adjudication of which had been annulled, to Guy L. Deano.
 

 ' On October 25, 1923, Harry Latter filed a motion for a rule in which he alleges that Mulling assigned to one Bennett all his rights in the moneyed judgment, rendered in his favor, against Mrs. Hoyle and Mrs. Leyland, and that he had acquired from Bennett all the rights in said judgment which Bennett had acquired from Mulling, and, hence, that he was the owner of the judgment. He then sets forth the fact that the writ of fieri facias, mentioned above, was issued; the further fact that, under this writ, the sheriff had seized all the interest of Mrs. Hoyle and Mrs. Leyland in the foregoing property, and recorded the notice of seizure in the mortgage records as provided by law; the further fact that the property was adjudicated to Dreifus ostensibly for the account of Shushan, though, in fact, for his own account, that nothing was paid because of said adjudication, it being intended that the amount of the bid should be credited against the judgment; that, after the sheriff executed the aforesaid deed to Dreifus for the account of Shushan, he caused to be canceled the inscription of the notice of seizure in the mortgage records; that, by reason of the fact that this court had decreed the adjudication of the property to Dreifus, for the account of Shushan, null, because of the defective manner in which the property was advertised, the cancellation of the inscription of the notice of seizure of record in the mortgage office was of no effect. He then sets forth that a few days after the rendition of the judgment annulling said adjudication Mrs. Hoyle and Mrs. Leyland transferred the property under seizure to Deano. The prayer of the motion is that Mrs. Hoyle, Mrs. Leyland, Deano, the civil sheriff, and the recorder of mortgages for the parish of Orleans be ruled to show cause why he, Latter, should not be recognized as the assignee of all the rights of Mulling in and under said judgment upon which execution issued, and why the writ of fieri facias that issued from said judgment, and why the seizure that was made under said writ, and the recordation of the notice thereof in the mortgage records, should not be decreed to be in full force and effect.
 
 *899
 
 and the cancellation of the inscription of said notice decreed to be ineffective and null, and why the sheriff should not proceed to advertise for sale the undivided two-sevenths interest of Mrs. Hoyle and Mrs. Leyland, owned by them, when said property was seized, to satisfy said writ.
 

 Mrs. Hoyle and Mrs. Leyland and Deano excepted to the foregoing proceeding on the grounds of misjoinder of parties defendant; that the petition was not sworn to as required by law; that the proceedings should have been by petition and citation, instead of by rule; and that the petition discloses no cause of action. Later, a plea of estoppel was filed by these defendants in rule, based upon the ground that Latter is estopped from attempting to subject the property that was seized herein to the payment of the judgment which he claims to own, for the reason that, in certain proceedings had, he held Shushan out as the owner of said property by reason of the adjudication of the same to him at the sheriff’s sale, mentioned above. The defendants in the rule, with the exception of the recorder of mortgages and the civil sheriff, also filed answers thereto, putting at issue Latter’s title to the judgment which it is sought to execute and his right to subject the property which had been seized to the payment of the judgment.
 

 The exceptions filed by these defendants were overruled in the trial court. Upon the trial of the ease, it appeared, in addition to the facts stated above, that, as alleged in the petition for rule, Mulling transferred all his rights in the judgment, which it is sought to execute, to Bennett, and that Bennett transferred the rights acquired by him to Harry Latter, the plaintiff in rule, who thereby became the owner of the judgment. It also appeared that, when the property seized was adjudicated to Dreifus for the account of Shushan, the adjudication was in reality for the account of Harry .Latter, the plaintiff in rule, for whom Shushan held; that no part of the bid made at the sheriff’s sale was paid; that the sheriff, after the adjudication was made, and by virtue thereof, caused to be canceled on the mortgage records the notice of seizure which he had caused to be placed of record therein; that he had not yet returned the copy of the writ of fieri facias which he had obtained from the clerk on returning the original; that Deano, who claims to have acquired the property seized from Mrs. Hoyle and Mrs. Leyland, after the sheriff had caused to be canceled the inscription of the notice of seizure, made affidavit to be filed in this court, in the proceeding instituted by his vendors to have the adjudication made at sheriff’s sale annulled, to the effect that he, Deano, had carefully investigated the property claimed to have been adjudicated; that the two-sevenths interest claimed therein by Mrs. Hoyle and Mrs Leyland was worth $8,-000; that he would have bid at the sale, but had no way of ascertaining from the advertisement of sale what part of the property he would have acquired had the property been adjudicated to him. It also appeared that shortly after this affidavit was made this court rendered judgment, annulling the adjudication, and that, very shortly thereafter Mrs. Hoyle and Mrs. Leyland transferred the property seized to Deano.
 

 The district court, after hearing the evidence, rendered judgment recognizing that Harry Latter had title to the judgment, which it is sought to execute, by mesne conveyance from Mulling, and that Latter was entitled to have the judgment executed against the property of Mrs. Hoyle and Mrs. Leyland, but rejecting in other respects Latter’s demand,' or, in other words, the trial court refused to recognize that the property seized, the sale of which had been annulled, was still under seizure, and to order the sheriff to proceed with the sale of the two-sevenths undivided interest therein, owned by Mrs. Hoyle and
 
 *901
 
 Mrs. Leyland, at the time
 
 of the
 
 seizure, to satisfy the balance due on the judgment against them. On appeal to the Gourt of Appeal for the parish of Orleans the court amended the judgment of the lower court by recognizing that said property was still under seizure, and by ordering the sheriff to proceed with the advertisement and sale thereof to satisfy the balance due on said judgment, and later refused to grant a rehearing in the case.
 

 Mrs. Hoyle, Mrs. Leyland, and Deano, being dissatisfied with the judgment rendered, applied to this court to have it reviewed. In their application for a writ of review they allege that the Court of Appeal erred in the following particulars, to wit: (1) In holding that the proceeding to require the sheriff to proceed with the advertisement and sale of said property, under the seizure originally made, was properly instituted by rule; (2) in holding that Deano was concluded by making the affidavit to be used in the suit to annul the adjudication, made to Dreifus for the account of Shushan; (3) in holding that the inscription of the judgment and notice of seizure was revived by the annulment of said adjudication; and (4) in holding that Harry Latter, the plaintiff in the present rule, was the assignee and owner of the judgment which it is sought to execute.
 

 From the foregoing assignment of errors it appears that the ruling of the Court of Appeal on only one of the various exceptions, filed by the defendants in rule, is complained of, and that the ruling assigned as erroneous, with reference to these exceptions, is the
 
 one
 
 holding that the proceeding, now before us, was properly taken by rule. We may say, however, that we find no reversible error in the rulings on the remaining exceptions, not mentioned in the assignment of errors. As relates to the ruling complained of, we do not find it erroneous. We do not so find it, because the proceeding' to require the sheriff to proceed with the advertisement and sale of the property, under the seizure made, when the writ of fieri facias first issued, is one incidental to the suit in which the judgment was rendered, and is in. furtherance of the execution of the judgment. Where such is the .case the proceeding may be by rule. Code of Practice, art. 755; Dutrey v. Laguens, 28 La. Ann. 753; Bayhi v. Bayhi, 35 La. Ann. 527, 528. If the seizure remained in force after this court annulled the adjudication of the property ánd was binding on Deano and his vendors, as urged by plaintiff in rule, the fact that Deano' purchased the property from the latter, following the annulment of the adjudication, does not alter the case so as to require a proceeding by petition and citation, instead of one by rule, for, under these circumstances, Deano acquired no interest in the property prejudicial to the seizure, but to all intents and purposes the situation remained the same as if he had not purchased. Hence, our view is that the Court of Appeal did not err in overruling the exception as to the form of the proceeding.
 

 The remaining assignments, as will be observed, relate to alleged errors made in passing on the merits of the case. We shall consider these inversely to the order in which they are stated. Therefore, taking up for consideration the last assignment made, which relates to the ownership of the judgment, our conclusion is that the court did not err in holding that Latter, the plaintiff in rule, is the owner of the judgment which he is seeking to execute. The evidence clearly shows that Mulling, in whose favor the judgment was rendered, transferred it to Bennett, and that Bennett transferred it to Latter. Nor do we think that ,the fact that because Latter permitted Mulling to occupy the position of owner of the judgment in certain legal proceedings had, after the transfer to him, shows that he was not in fact the owner of it.
 
 *903
 
 Whatever inference may be drawn, militating against his ownership, from that circumstance, is clearly overcome by the evidence as a whole. Payment to Latter would satisfy the judgment, and that is all that those at interest may demand. We therefore find no merit in this assignment.
 

 More serious questions are presented, however, than those considered above, by the second and third assignments, which call for rulings with reference to whether, after the annulment of the adjudication made by the sheriff to Dreifus for the account of Shushan, the seizure, under which the adjudication was made, remained in force or was revived by the annulment of the adjudication, and, if so, as to whether the seizure, notwithstanding its cancellation by the sheriff on the mortgage records, was so binding upon Deano as to prevent his acquiring title to the property prejudicial to the seizure.
 

 This court, in holding that the adjudication made by the sheriff for the account of Shushan was null, did not hold that the seizure, under which the adjudication was made, was also null, but annulled the adjudication alone, upon the ground that the description of the property in the advertisement of sale was insufficient to convey to those desiring to purchase the extent of the interest
 
 in
 
 the property that was offered for sale, and upon the further ground that sufficient notice had not been given the judgment debtors to appoint appraisers. Mulling v. Jones, 153 La. 1091, 97 So. 202. The validity of the seizure was not raised in that case.
 

 Such being the case, one of the questions to be decided is, What effect did the nullity of the adjudication, which was declared, have upon the seizure? As between the parties to a sale, the annulment of the sale has the effect of placing the parties thereto in the same position that they were before the sale. Thus, in New Orleans Ins. Association v. Labranche, 31 La. Ann. 839, 841, it was said that:
 

 “The annulment or rescission of the sale would have the effect of placing the parties in the position they held before the sale, each party being restored to the rights he-then had;' and abandoning those which had ineffectually been transported to him. Solon, vol. 1, pp. 62-64. Larombier, vol. 2, pp. 286-288.”
 

 The excerpt quoted above is supported by the following cases, in which the same principle was recognized, to wit: Chaffe v. Morgan, 30 La. Ann. 1307; Germaine v. Mallerich, 31 La. Ann. 371, 374; Spencer v. Goodman & Bradfield, 33 La. Ann. 898.
 

 From the foregoing it would seem that, if Mrs. Hoyle and Mrs. Leyland had not transferred their interest to Deano in the property seized, following the annulment of the adjudication, no valid reason would have existed why the sheriff should not have proceeded to sell the property, under the seizure made by him, and under the copy of the writ of fieri facias, which he obtained prior to the sale on returning the original, and which it seems that he still holds, for, in these circumstances, one of the effects of the annulment of the adjudication was to reinstate the status quo as it existed prior to the adjudication.
 

 However, Mrs. Hoyle and Mrs. Leyland did sell the property, and Deano, the purchaser, urges that he is protected by the cancellation of the notice of seizure. But Deano, we think, was a purchaser in bad faith. Prior to his purchase he made the affidavit to be used in the suit to annul the adjudication. This affidavit shows clearly that he had knowledge of the pendency of the suit and of the purpose of the litigation. The fact that he purchased approximately a week after the judgment in that suit became final, when considered in connection with the knowledge mentioned, shows that he also had knowledge of how the suit terminated. With knowledge of these facts he is chargeable with knowl
 
 *905
 
 edge of the legal consequences of the judgment. He therefore stands in the position of one who has purchased property, under seizure, knowing that it was under seizure, and, accordingly, acquired nothing to the prejudice of the seizure. Nor is he in position to complain that knowledge is not equivalent to registry, for the question presented is not one of registry. The notice of seizure had been duly registered, though it was later canceled by the sheriff under a mistaken belief that its purpose had been accomplished, gee Bachemin v. Chaperon, 15 La. Ann.
 
 4.
 

 Before closing it may be observed that a plea of prescription of ten years was filed in the lower court against the judgment under execution. "While this plea is not mentioned in the application made to this court for review, yet we may say that we think that it is not well founded. The judgment against which it is pleaded was in effect revived by the judgment of June 4, 1918, by which its validity was recognized, and judgment, for the balance due, again rendered against Mrs. Hoyle and Mrs. Leyland.
 

 Our conclusion is that the sheriff should proceed under the seizure made to advertise and sell the two-sevenths undivided interest, owned by Mrs. Hoyle and Mrs. Leyland, in said property, at the time of the seizure.
 

 The judgment under review is therefore affirmed.