```
 11   17
d118  280
```

## LAVIGNE'S HEIRS *vs.* CHALAMBERT.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

When the pleadings present a question of title to real estate, the Probate Court is without jurisdiction, to try and determine the case.

So, where the heirs of a succession demanded that a certain lot of ground in the possession of another, and claimed under an adverse title, should be placed on the inventory of their deceased ancestors: *Held,* that the Probate Court had no jurisdiction or authority to order the lot to be inventoried.

The plaintiffs demanded of the probate judge, that a certain lot of ground in the city of New-Orleans, in the

possession of the defendant, and claimed by her, should be placed on the inventory of the succession of J. Lavigne, deceased. They pray that the defendant, Marié Jeaune Chalambert, be cited and made a party to the inventory. The defendant set up title to the lot of ground in question, which is stated at length, and averred that she was the true owner. She prays that the demand be dismissed.

The probate judge went into an examination of the question of title, and determined that the defendant's title was not good, and ordered the inventory of this property to be homologated. The defendant appealed.

*Rousseau*, for the plaintiffs and appellees.

*D. Seghers*, *contra*.

*Bullard, J.*, delivered the opinion of the court.

When the pleadings present a question of title to real estate, the Probate Court is without jurisdiction to try and determine the case.

So, where the heirs of a succession demanded that a certain lot of ground, in the possession of another, and claimed under an adverse title, should be placed on the inventory of their deceased ancestor: *Held*, that the Probate Court had no jurisdiction or authority to order the lot to be inventoried.

The appellant was made a party to certain proceedings, by which the plaintiffs sought to include in an inventory of their ancestor's estate, part of a lot of ground which she had possessed for several years as owner. In her answer she set up title to the lot by purchase and prescription.

These pleadings present a question of title to real estate, which the Court of Probates is without jurisdiction to try and determine. The appellant is a stranger to the succession of Lavigne, and in possession of property to which she asserts title in herself, and if the heirs of Lavigne pretend to a better title, they can establish it only in a court of ordinary jurisdiction. The whole proceedings, therefore, so far as the appellant is concerned, are irregular, and *coram non judice*.

It is, therefore, ordered and decreed, that the judgment of the Court of Probates, be annulled and reversed, and that the proceedings be dismissed, as to M. J. Chalambert, the appellant, with costs in both courts.