Statement of Pleadings and of Fact.
BREAUX, C. J.
Mrs. W. B. Duncan, daughter of the late widow of Charles Englund and forced heir of her said mother, petitioned the court to. compel her sister, Mrs. Reinhard, to furnish bond to secure . her, rights to her legitime.
The defendant, Mrs. Reinhard, filed an exception to the petition for security, on the ground that a forced heir has no right to compel a testamentary executor to give bond.
She, in the same succession, in petition against Mrs. Reinhard personally, alleged that a supplementary inventory should be ordered, and that the omitted properly of the succession should be inventoried.
The judge of the district court decided that the forced heir is without right to compel a testamentary executor to give bond for the amount of the interest of such heir in the estate, and accordingly entered judgment.
With reference to the supplementary inventory filed by Mrs. Duncan against ■ her - co-heir, Mrs. Reinhard, the latter interposed-as a defense the plea of no cause of action, of vagueness and indefiniteness, and that proper parties had not been made defendants.
The judge of the district court sustained. *287 this exception, and dismissed the suit and rejected the demand.
The forced heir, Mrs. Duncan, prosecutes this appeal.
The late Mrs. Englund departed this life in January, 1905, leaving two daughters, before named. She died testate and left no debts. In her will she bequeathed three-fourths of her property at her death to her daughter Mrs. Reinhard and one-fourth to Mrs. Duncan, and named her daughter Mrs. Reinhard her testamentary executrix “with full seisin without bond” (words of the will).
The will was probated, and Mrs. Reinhard qualified as executrix.
An inventory of the property of the succession of the late Mrs. Charles Englund was taken on the 28th day of January, 1905. The assets, as shown by this inventory, consisted of a certain lot of ground and improvements in New Orleans and some movable property. The appraisement of this lot, together with movable property of the succession, showed total assets of $9,522.11.
In her motion for a supplementary inventory, Mrs. Duncan complains on the ground of failure, as she contends, on the part of the notary to include a complete list of the property and a description of the titles, books, credits, and other important papers found in the succession of the deceased, and furthermore she urges that the succession of the deceased embraced an interest in a business conducted by her deceased son, W. F. Englund, that should be inventoried. There is an act of .sale, dated the 26th day of June, 1903, transferring this business to the testatrix, Mrs. Reinhard, for the nominal sum of $8,000. Mrs. Duncan alleges that this act was a simulation; that the testatrix had revenues in excess of all her expenses; that her assets exceed the amount' shown on the inventory.
Judgmént: The executor is bound on the application of á creditor to give security for the amount Of his debt and for property in his (the executor’s) possession claimed by the owners. This right is limited to a person who has a claim for money against the succession or for property in possession of the executor.
To obtain this bond the person is required to present his petition, alleging under oath the sum claimed or the ownership of property described.
The executor cannot be required to give security to a creditor for a sum exceeding the amount of the inventory to the extent of one-fourth, but the amount of the bond in favor of the creditor is limited to one-fourth, the amount of the creditor’s claim.
The right of creditors does not extend to or include the heir (who claims exclusively as an heir, even though he is a forced heir) as having the right to require a bond. The article invoked by Mrs. Duncan does not convey the idea that it was intended by the lawmaker to include an heir in any capacity he might claim as an heir, although the forced heir’s rights are sometimes assimilated to those of creditors.
The purpose was to deal with the personal right of the creditor, and not with that of the heir, the extent of whose right is not determined.
In order to determine the extent of the legitime of each heir it is important for all the property to be taken into account.
Any bond at all should have in view the securing of the interest of all the heirs and not of one complaining heir. i
The obiter dicta in Succession of Ames, 33 La. Ann. 1321, and in .Succession of TurT nell, 32 La. Ann. 1218, are not controlling. They have no bearing upon the question presented in this case.
It occurs to us that the following is in accordance with the requirements of the statute. It (the decision cited infra) does not embrace the forced heir within its terms. This is an excerpt from Chretien v. Executor, 41 La. Ann. 729, 6 South. 553:
*288 “The order did not require him to give bond, nor did the law exact any bond, except on the demand of creditors or claimants of specific property in the succession, and then only in a sum exceeding by one-fourth the amount of such claim.” Merrick’s Rev. Civ. Code, art. 1677.
No such demand has been made by any creditors or claimants.
We take it that the word “creditor” refers to the creditor proper, who does not appear as heir.
If this is not the case, it would be as well to hold that all heirs, with or without a legitime, have the right to file such an application and to require bond from the executor.
It is not always possible to determine, ■and it is seldom it occurs, that the heir is entitled exclusively to the legitime, nothing more or nothing less. Whether the extent of the legitime be evident or not, the heir would still be entitled to a bond. We do not think that was the intention of the Legislature in enacting a law to enable creditors to obtain bond and we must therefore affirm the judgment of the district court, rejecting the demand as before stated.
True, forced heirs, as contended by counsel for Mrs. Duncan, are creditors. This right, we think, is limited to the action needful to secure the legitime in revocatory and other similar suits, and does not extend to those cases in which creditors are, as in this case, limited to their claim exclusively as creditors.
This brings us to the exception of the executor to the rule of Mrs. Duncan asking for an amendment of the inventory.
An heir who wishes to have property inventoried should clearly show what property it is which, in his view, should be inventoried as belonging to the succession.
When “particular effects are pointed out as belonging to a succession, it is proper to have such effects noted and properly described in the inventory, though without prejudice to the rights of third persons.” Succession of Saloy, 43 La. Ann. 1151, 10 South. 251.
We have sought, in reviewing the evidence, for mention of effects thus pointed out. It is not in the record, or at any rate we have found no mention of any effects which can be considered as having been thus pointed out.
The contention here is that about two years prior to her death Mrs. Englund, mother of the daughters before mentioned, inherited from the succession of a son deceased. The facts are, in this connection, that the complaining heir, Mrs. Duncan, assumes that her mother did not expend money to the amount inherited. She. therefore wishes to have the amount inventoried or accounted for which she avers should be found as remaining in the succession. As it does not appear with any degree of certainty that this property inherited from the son is still in esse and susceptible of being brought into the succession and charged on the inventory, the complaining heir must be left to a direct action to test the validity of her claim in this connection. That contention cannot very well be considered and passed upon as an application to have property brought into the succession and mentioned in the inventory. A direct action may lie, not a rule to amend the inventory.
The complaining heir before named refers to a sale made by her mother of other interests. She asks that the property covered by this sale be inventoried. Here again the action should be brought directly against the co-heir, and the sale decreed null in such a direct action. The inventory cannot prejudice Mrs. Duncan in any of her rights. She must accept the succession in the condition in which it may be at the time of the inventory. If there are acts which should be judicially considered and sales *289 to be annulled, a suit should be brought; otherwise, an inventory would have to be held very far-reaching in its effects.
It should embrace all property in the succession, but not property in the hands of heirs of other parties, who claim to hold under some right which, on the face of the papers, should be attacked and annulled by other action than a rule to amend the inventory and to have another inventory taken.
Moreover, this rule was drawn and filed against the co-heir personally, and not against her as executrix. We are constrained to hold, in accordance with our view, that such action cannot be maintained against a co-heir personally. The purpose was to have property brought into the succession of the mother before named. This cannot be done without making the executrix ,a party.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.