Statement of the Case.
MONROE, J.
The petitioner alleges that the succession of the decedent, his wife, having been opened, he was called upon by the *279 notary making the inventory to point out its property, and that he pointed out such property as, in his opinion, belongs to the succession ; that, thereupon, the attorney of, the heirs proceeded against him, by rule, alleging that he had, in May, 1906, received, as the paraphernal property of the decedent, and for purposes of administration, sums exceeding $85,000, the whereabouts of vidiKh he refused to disclose, and praying that he be- ordered to show cause why he should not make such disclosure; that petitioner excepted to the proceeding, on the ground that a rule does not lie for the purpose sought to be accomplished, and, the exception having been overruled, that he applied for an appeal from the judgment, which was denied; that the court then ordered that the trial of the rule be proceeded with, whereupon petitioner was called to the stand as a witness, and asked certain questions tending to show what property he had received from his wife and had on hand, which questions, by the advice of his counsel, he refused to answer; and that he was thereupon sentenced to imprisonment in the parish jail for 10 days, for contempt of court.
Petitioner further alleges that the heirs of his deceased wife have no right to proceed against him by rule in order to determine whether he has any property belonging to her succession, which should be inventoried; their right, if any they have, being to proceed by direct action. Wherefore he prays for writs of certiorari, mandamus, prohibition, and habeas corpus, and for judgment ordering that a suspensive appeal be granted from the ruling of the trial judge, on his exception, prohibiting his imprisonment for contempt, and ordering his release from custody. Upon the petition of the applicant, the usual orders were made, and the judge a quo, for cause why'the prayer of the petition should not be granted, alleges, in substance: That the law requires an inventory to be taken of all the property belonging to the succession of applicant’s deceased wife, and that the pending proceeding has for its purposq the accomplishment of that result, and is necessary thereto, but that the same is obstructed by the refusal of the applicant, as a witness on the stand, to give information as to the whereabouts of property, which, he, as custodian thereof, and as head of the community which lately existed between him and the decedent, is in a better position to give than any one else; that the law presumes that property acquired during a marriage, under the regime of the community, belongs to the community, whether acquired in the name of the one spouse or the other, but that the question whether, in this case, such property belongs to the applicant, or to-him and the heirs of his wife, or to the latter, is not at issue, and that the placing of the property on the inventory, in the succession of the wife, which is now all that is sought, deprives the applicant of none of his rights. Respondent further shows that, since the filing of the petition herein, the applicant has attempted to transfer to parties unknown to-respondent 50 shares of stock purchased by him after the marriage, and that such transfer has been injoined by order of respondent
Opinion.
Counsel for the applicant refer the court to the following, and other, authorities, which support the proposition that summary proceedings are to be used only when prescribed by law, and that there is no law which authorizes the representatives of a succession to proceed by rule to devest the title or possession of property held adversely by a third person: Succession of McKinney, 5 La. Ann. 748; Succession of Mielke, 8 La. Ann. 11; Succession of Moore, 18 La. Ann. 512. The case of Lavigne’s Heirs v. Chalambert, 11 La. 17, is hardly in point, since it was there held that the probate court was without jurisdiction to determine a disputed question as to title to real ’estate. And the decision in Succession of Carcagno, 43 La. Ann. 1151, 10 South. 251, to which we are also referred. *281 bears unfavorably upon the applicant’s pretensions. In that case, orders had been made appointing an attorney for absent heirs, directing an .inventory to be taken, and that an application for administration should be advertised, when the attorney for absent heirs presented a petition, alleging that he was informed that a certain box, deposited in bank in the name of Mrs. Louque, contained property belonging to the succession, and praying that the-bank be ordered to retain the same until its contents could be inventoried, which order was granted. Thereupon, Mrs. Louque appeared, by rule, set up title to the contents of the box, and called on the attorney for absent heirs to show cause why the order obtained by him should not be quashed and said title recognized.
Certain, heirs of the decedent then intervened, denying the title set up by Mrs. Lou'que, alleging that the property belonged to the succession, and praying that the bank be ordered to produce the box in court, on a day fixed, and that its contents be turned over to the succession.
To the order to produce the box, the hank answered that it was deposited in a steel compartment to which Mr. and Mrs. Louque held the key, and the court thereupon ordered the notary, who was charged with the taking of the inventory, to demand the key from the person having possession of it, and, having inventoried the contents of the box, to report his action, etc.
Mrs. Louque then discontinued her rule and obtained a suspensive appeal from the orders so made, and, upon a hearing of the matter thus presented to it, this court held, in part, as follows:
“The adverse possession and title, of third persons, of property claimed also by a succession, cannot be devested under summary proceedings in the mortuary proceedings. * * * The orders complained of did not purport either to determine the title, or to transfer the possession, of the property. Their sole and evident object was to subject the property, in the possession in which it stood, to the view of the notary charged with taking the inventory, in order that he might inspect the same, ascertain its nature and value, and make a note thereof on the inventory, as property in the adverse iiossession of a third person, to which the succession had, or might have, a claim. * * * If Mrs. Louque had complied with the order by exhibiting the contents of the box to the notary, to be noted on the inventory, we cannot doubt that the order would have been canceled, and her possession relieved of all restraint. * * * But she chose to pursue a different course. Without applying for any explanation or modification of the order, she simply declined to permit access to the box, and filed a rule, * * * in which she herself put her title at issue, and asked for judgment recognizing her as owner. It was only after the other alleged heirs had intervened * * * that she hastily discontinued her rule and took the present appeal. The action of the attorney of absent heirs, in calling the court’s attention to the situation of the property, and inviting some action in order to ascertain its nature and value, in order that it might be noted on the inventory, as a basis for the assertion 'of any claim the succession might prove to have thereto, was, certainly, proper and in the line of his duties, as prescribed by article 1213, Civ. Code. Nor do we think that, in these orders,, as we construe them, the judge exceeded the broad powers conferred on him in the exercise of his probate jurisdiction. The law makes it his duty to have an inventory taken. Civ. Code, arts. 1035, 1036, 1039, 316. The same articles prescribe that the inventory shall include all the effects of the succession. * * * In the confection of the inventory, neither the judge nor the notary determines questions of title or possession. But, when particular effects are pointed out, even in possession of a third person, which are claimed to belong to the succession, it is proper to note such claim upon the inventory, and to'give a proper description of the effects so claimed, without prejudice, of course, to the rights of a third possessor; otherwise, it might turn out that all the effects of the succession were not included in the inventory, and the mandate of this law would be violated. The only way of giving a description of those effects, or arriving at any estimate of their value, was by opening the box and examining them. The order of the judge was therefore natural and proper, and presumably not injurious to the rights of any one. Under the terms of the order, its only effect was to hold the box where it was until its contents were ascertained, and, when the possess- or prevented its opening, the box simply remained m the custody of. the bank until further order of court. The effect, in that case, would have been simply that of a judicial sequestration, which, we think, in such a case, would have been authorized under article 273 of the Code of Practice, at least until the succession could be represented by the appointment of an administrator,” etc.
*283 And the judgment appealed, from was affirmed. Succession of Carcagno, 43 La. Ann. 1131, 10 South. 251.
In the ease of Schwan et al. v. Schwan et al., 52 La. Ann. 3198, 27 South. 678, it appears that an ex parte order had been Issued directing the defendants to file a sworn statement of the property in their possession, said to belong to the succession, and it was held by this court that the order was unauthorized, though, it was said, “the conscience of a litigant may be probed and Ms testimony taken.” (Italics by the writer.)
In the instant case, in a proceeding the sole purpose of which is to comply with the law requiring an inventory to be taken of the property to which this succession has, or may have, title, the applicant, who, of all other persons, is probably best qualified to furnish the needed information, and who, of all other persons, should be the most ready to furnish it, being before the court as a witness, refused to answer any questions propounded to him on the subject, and, pending this application, as appears from the return of the respondent judge, has attempted to alienate property standing, perhaps, in his name, but in which the succession has at least a presumptive interest. The ruling of the court, upon the exception to the form of the proceeding, was interlocutory, and could work no irreparable injury. I-Ience no appeal lies therefrom. In refusing to answer the questions propounded to him, after having been instructed to answer them, the witness was guilty of contempt of the authority of the court, since, being vested with jurisdiction, both ratione materiae and ratione person®, it was for the court, and not the witness, to determine whether the proceeding was correct as to form.
It is therefore ordered, adjudged, and decreed that the restraining order herein made be rescinded, and that this application be rejected and dismissed, at the costs of the applicant.