LECHE, J.
John Baldini was appointed and qualified as administrator of the succession of Armand R. Kerlec on September 27, 1905. Mrs. Marie Eolse, widow f Armand R. Kerlec, and duly qualified tutrix of the minors Armand Kerlec and Philip Kerlec, on suggesting to the court that her said minor children are the sole and only hears of the late Armand R. Kerlec, their deceased father, who at the time of his death owned eleven-twentieths of the stock in trade, fixtures, books of accounts, and cash in bank of the store known as “Kerlec’s Seed Store,” on further suggesting that said John Baldini is still administering said estate, and that he has purposely and intentionally failed to inventory the said property *516 known as Kerlee’s Seed. Store, and on further suggesting that said minors are entitled to have said seed store hnd its contents inventoried, and to have said administrator furnish bond for one-fourth over and above its value, moved that said John Baldini be ordered to show cause why he should not have said property inventoried.
This motion was filed November 6, 1918, and the presiding judge accordingly ordered a rule to issue, returnable November 8, 1918.
The record does not show whether any further action was taken at that time on the rule, but it appears that another order by the presiding judge of another' division of the court was signed on October 30, 1919, making the rule returnable on November 7, 1919. On the last fixed return day, the defendant administrator appeared and filed his pleadings, consisting of exceptions and an answer to the rule. On June 29, 1920, judgment was rendered, maintaining defendant’s exception. That judgment was read and signed in open court on July 15, 1920; it was expressly appealed from on July 23, 1920, and it therefore constitutes the subject-matter to be reviewed by this court.
The exceptions .filed by defendant are pleaded together and are set forth in numerical order as.follows:
“(1) That said rule is vague and indefinite; (2) that movers have failed to disclose the proper interest in the property alluded to in said rule; (3) that the proceedings herein by rule are contrary to law; (4) that movers, if any rights they have as contended and referred to merely for purpose of argument, are claimants to a residue, and that these are not the proper proceedings; (5) that said parties are not properly before the court,; (6) that said mover or movers have no right or cause of action herein to bring this rule or these proceedings.”
This pleading was denominated an exception of no cause of action by counsel for defendant administrator, and it was heard and treated as such by the trial judge.
We have been rather punctilious in stating the ease, as we understand it, because the record contains several other pleadings, consisting of petitions, supplemental petitions, motions, exceptions, and two other judgments, filed in the course of a rather protracted litigation between the parties, but which are not annexed to the rule herein taken by Mrs. Marie Folse Kerlec, tutrix, on November 6, 1918, and therefore form nt> part of the pleadings to be considered in reviewing the judgment from which the present appeal was taken.
An exception of no cause of action must be decided on the face of plaintiff’s written demand, be it by petition or motion, together with the annexed documents. In' this ease there are no annexed documents. Every well pleaded fact contained in the demand must, for the purpose of the exception, be taken as true, whether in reality true or not true.. This is elementary. Now the plaintiff in rule alleges in substance that" defendant is the duly qualified administrator of the succession of Armand R. Kerlec; that she is the duly qualified natural tutrix of two,-minors, who are the sole heirs of the deceased Armand R. Kerlec; that the succession of Armand R. Kerlec owns eleven-twentieths of the stock of goods and merchandise contained in a store known as “Kerlee’s Seed Store”; and that defendant has failed and neglected to include said property in the inventory taken of the effects belonging to the succession of Armand R Kerlec, and she prays that defendant be ordered to show cause why he should not cause said property to be included in the said inventory. Taking these facts as true, we see ho reason to refuse the relief for which mover prays. Arguments in support of the exception, oral and in brief, presented by defendant are all based upon grounds which can only be established by a trial of the rule On its merits. An administrator may certainly, under the provisions of artide 755, C. P., be ordered by rule to, per *518 form the perfunctory duty of causing a complete inventory to be made. Suc’n of Desina, 118 La. 278, 42 South. 936.
If on the other hand the property sought to be inventoried is no longer in esse (Succession of Kranz, 115 La. 550, 39 South. 594), or if title to that property is not in the succession of A. R. Kerlec, or if it is in the possession of or is claimed by other persons (Succession of Wingertner, 133 La. 876, 63 South. 387), these are matters which may only be shown by a trial of the rule on its merits, and which cannot on this appeal be assumed to be true, in as much as they are in direct contradiction of the facts which are set forth in the rule and which are admitted to be true for the purpose of considering the exception.
Believing then that the judgment appealed from is not sustained by the law applicable to the issue involved on this appeal,
It is ordered that said judgment be avoided and set aside, that defendant’s exception of no cause of action be overruled, and this case remanded to the lower court to be proceeded with and tried according to law.
Rehearing refused by Division A, composed of O’NIELL, C. J., and ROGERS and BRUNOT, JJ.