O’NIELL, Chief Justice
 

 (dissenting).
 

 The administrator of this estate has in his possession a policy of insurance on the life of the deceased for $1,000, of which the widow and son of the deceased are the beneficiaries. They obtained an ex parte order of court directing the administrator to deliver the policy to them. The administrator refused to obey the order, and they obtained a rule on him to show cause why he •should not deliver the policy to them. The administrator failed to appear, either in person or through an attorney, at the time when the rule was made returnable; and the rule was taken up, heard and made absolute, ordering the administrator to deliver the insurance policy to the widow and son of the deceased, as beneficiaries. Soon afterwards the attorney for the administrator appeared in court, and, stating that he had been unavoidably detained, asked the judge to reopen the case in order that he might file an exception to the form of the proceeding, contending that the widow and son of the deceased should have brought an ordinary suit instead of a summary proceeding for possession of the policy. The judge refused to reopen the case, and the attorney gave notice of his intention to apply to this court for writs of certiorari and prohibition. The writ of certiorari and an alternative writ of prohibition were granted.
 

 I was opposed to the granting of a supervisory writ in this case, because it appeared to me that its only effect would be to delay the widow and son of the deceased in the collection of the life insurance, of which they alone are the beneficiaries. No one else can collect the insurance. The administrator cannot collect it, and has no interest in its being collected, because it is not a part of the estate of the deceased, and is not liable for his debts or the debts of the succession. The administrator says that there is a dividend accrual amounting to $419.77; but even that belongs to the beneficiaries under the policy, and is not liable for the debts of the deceased, or of the succession. By Act No. 189 of 1914, the proceeds or avails of all life insurance are declared exempt from liability for any debt, except a debt secured by a pledge or an assignment of the policy, or an advance payment made on the policy. In the Succession of Le Blanc, 142 La. 27, 76 So. 223, L. R. A. 1917F, 1137, it was decided that this statute exempted from liability for debts of the insured the proceeds or avails of life insurance made
 
 *609
 
 payable to the executors or administrators or assigns of the insured, because the proceeds or avails of life insurance made payable to some one else form no part of the estate of the insured, and are not liable for his debts, regardless of the statute. Under the act of 1914 there might have been some doubt whether the statute exempted “dividends,” as well as the “proceeds or .avails,” of life insurance, from liability for the debts of the insured; but, by Act No. 88 of 1916, the statute was amended and re-enacted so as -to include “dividends,” and so as to read “the proceeds or avails or dividends” of all life insurance “shall be exempt from all liability for any debt,” etc.
 

 It seems plain to me, therefore, according to the answer of the district judge, and the answer of the widow and son of the deceased, in this case, that the administrator is not justified in holding possession of the policy of insurance, which does not form a part of the estate of the deceased, and which no one can collect except the widow and son, who are the beneficiaries under the policy.
 

 If the attorney for the administrator, in this case, after allowing the rule to be made absolute, ordering him to turn over the insurance policy to the widow and son of the deceased, had suggested any substantial defense that he might make to the rule, the judge would have been justified in ordering the case reopened. But the judge was not under a mandatory duty to order the case reopened, especially for the purpose merely of allowing the attorney for the administrator to delay matters, by filing a dilatory exception, excepting to the fotm of the proceeding, without suggesting that he had a substantial defense to the proceeding.
 

 The majority opinion in this case is based upon decisions to the effect that a contest over the title or possession of property— even though it be movable property — must be brought by the ordinary process and not by a summary process. That rule, however, is not always applicable to property in the possession of an administrator or other officer of the court, in a judicial proceeding already pending in the court. A summary proceeding, by rule upon an administrator, under article 755 of the Code of Practice, is the proper mode of procedure to compel the administrator to include in the inventory property which belongs to the succession and which has been omitted from the inventory, or to exclude from the inventory property which does not belong to the succession. See Succession of Kerlec, 155 La. 513, 99 So. 422. The important matter in such cases .is merely that all parties having an interest in the property shall be made parties to the proceeding. The reason why the summary proceeding is appropriate in such cases is that it is only incidental or ancillary to the proceeding already pending in court. In fact a sheriff, or any other officer of the court, may be compelled by summary process to perform any duty with regard to property in his possession, in custodia legis, provided all parties having an interest in the matter are given an oppor
 
 *611
 
 tunity to be heard. See Mulling v. Jones, 164 La. 894, 114 So. 725.
 

 Adverting now to the decisions which are cited in the prevailing opinion in this case, maintaining that the title or possession of property cannot be contested by way of a summary proceeding, I respectfully submit that, in that sense, a policy of insurance on the life of one who has died is not property; it is only the documentary evidence of an indebtedness. It is not a negotiable instrument, and is of no value to any one not entitled to receive the money. If the administrator of the estate of the insured showed any color of right to collect this insurance, there might besóme justification for his insisting that the widow and son of the deceased, as beneficiaries under the policy, shall bring an ordinary suit against him, the administrator, for possession of the policy. The only difference between the ordinary and the summary proceeding is in the delay which the law allows to the defendant in either of the proceedings. The right of a defendant to gain delay in a judicial proceeding is not of itself a substantial right. And yet, as far as the pleadings of the administrator in this case go, a delay in the matter of turning over the insurance policy to the parties who are entitled to collect the insurance is all that the administrator is asking for.
 

 The district judge was right', therefore, in looking upon this as one of the cases where the law’s delay might well be rated among such ills and evils as the whips and scorns of time, the oppressor’s wrong, the proud man’s contumely, the pangs of a despised love, the insolence of office — on the part of an administrator' — and the spurns that patient merit of the unworthy takes, when he, the judge himself, might his quietus put upon the whole business-
 

 It appears to me that the decree which is being rendered in this case goes too far when it dismisses the proceeding taken by the widow and son of the deceased against the administrator, because of the form of the proceeding, being a summary instead of an ordinary proceeding. An exception to the form of the proceeding was never filed; hence the district judge has not had an opportunity to decide whether an exception to the form of the proceeding should have prevailed if it had been filed within the time allowed. All that the district judge decided, in that respect, was that the case should not be reopened after a judgment had gone by default, merely to allow the defendant another opportunity to except to the form of the proceeding. My opinion is that the judge did not abuse his discretion, but, on the contrary, exercised it justly and wisely.